[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14725

Non-Argument Calendar

_____

KAREN MELISSA GODOY-GALIANO,
LUIS A. GODOY-GALIANO,

                                               Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

                                               Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A209-901-873

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Karen Godoy-Galiano petitions for review of an order of the Board of Immigration Appeals affirming an immigration judge's denial of her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture.[1] We deny the petition.

## I.

Godoy-Galiano, a native and citizen of Honduras, entered the United States illegally with her minor son in November 2016. The Department of Homeland Security initiated removal proceedings against her and her son, charging that they were present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i).

In January 2018, Godoy-Galiano conceded removability. She applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture (CAT). She explained in her application that when she lived in Honduras, her mother mistreated her because she regretted giving birth to her and blamed her for lost opportunities. Her mother was also jealous that Godoy-Galiano was allowed to live with her grandmother, and

---

[1] Luis Godoy-Galiano, Karen's son, was a derivative beneficiary of her asylum application. We therefore address only Karen's application.

her mother threatened her and her son.  Godoy-Galiano decided to take her son to the United States to seek safety and better educational opportunities.

The immigration judge denied her application and ordered that she and her son be removed to Honduras.  *First*, the immigration judge concluded that her application for asylum was time-barred because she did not file it before the applicable one-year deadline.  *See id.* § 1158(a)(2)(B).  *Second*, the immigration judge found that she was not entitled to withholding of removal because, among other reasons, her proposed social group—"single mothers in Honduras without male protection"—was neither particular nor socially distinct, and even if it were, she failed to show the requisite causal nexus between that social group and the harm that she experienced in the past or feared facing in the future.  *Third*, the immigration judge concluded that she did not qualify for CAT protection because she did not establish that she was personally at risk of being tortured by or with the acquiescence of Honduran officials upon her return.  *See* 8 C.F.R. §§ 1208.16(c), 1208.18(a).

Godoy-Galiano then appealed to the Board of Immigration Appeals.  The Board agreed with the immigration judge's decision to deny her application for asylum as untimely and recognized that her appeal did not challenge that conclusion.  The Board affirmed the immigration judge's determination that her proposed social group was not cognizable, reasoning that it was overbroad and lacked immutability.  It also affirmed the immigration judge's

4                    Opinion of the Court                    20-14725

findings that Godoy-Galiano was not targeted on account of a protected ground and would not likely be targeted upon her return. It declined to address whether the harm that she experienced constituted persecution. And it agreed that she was not eligible for CAT relief based on the reasons that the immigration judge gave. The Board dismissed her appeal, and she then petitioned this Court for review.

## II.

We review the final order of the Board of Immigration Appeals and the immigration judge's decision to the extent that the Board expressly adopted that decision. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010). We review the Board's legal conclusions de novo and its factual determinations for substantial evidence. *Id.* at 948. The substantial evidence standard is highly deferential: we affirm if the decision is "supported by reasonable, substantial, and probative evidence on the record considered as a whole" and reverse only if the record compels a contrary conclusion. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026–27 (11th Cir. 2004) (en banc) (quotations omitted).

## III.

As an initial matter, we note that Godoy-Galiano did not challenge the immigration judge's conclusion that her asylum application was untimely either before the Board or in her petition for review to this Court. If she did, we would lack jurisdiction to review that determination. 8 U.S.C. §§ 1158(a)(3), 1252(d)(1). We

also conclude that Godoy-Galiano has abandoned her challenge to the Board's determination about her eligibility for CAT relief. She makes only passing references to her application for CAT relief in her brief and does not raise arguments against the reasoning that the Board adopted. *See Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1352 (11th Cir. 2009). We further consider only her eligibility for withholding of removal.

To qualify for withholding of removal, an alien must show that her "life or freedom would be threatened" if she were removed to another country because of her "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3). The alien bears the burden of proving that it is more likely than not that she will be persecuted or tortured upon her return because of a protected ground. *Sanchez-Castro v. U.S. Att'y Gen.*, 998 F.3d 1281, 1286 (11th Cir. 2021). This nexus requirement demands that a protected ground be a "central reason" for the persecution, meaning that it is "essential to the motivation of the persecutor." *Id.* (quotations omitted). The protected ground "cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *Id.* (quotation omitted).

Even assuming for purposes of this discussion that Godoy-Galiano's proposed social group of "single mothers in Honduras without male protection" is cognizable, substantial evidence supports the Board's finding that she did not satisfy the

nexus requirement.[2] Godoy-Galiano testified at her hearing before the immigration judge that her mother mistreated her because she resented her and was jealous that she lived with her grandmother. When asked if anything else motivated her mother to harm her besides this resentment and jealousy, Godoy-Galiano said no. This explicit denial is substantial evidence that her status as a single mother was not a central reason for the suffering that her mother caused. Because Godoy-Galiano failed to satisfy the nexus requirement, we do not address her additional arguments that her proposed social group is cognizable and that she experienced persecution.

We **DENY** the petition.

---

[2] Godoy-Galiano did not fail to exhaust this issue because she identified the issue and provided "information sufficient to enable the BIA to review and correct any errors below." *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297–98 (11th Cir. 2015).